J-S13041-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LOVELL MARVELOUS JOHNSON, | : | |
| | : | |
| Appellant | : | No. 1502 WDA 2017 |

Appeal from the Judgment of Sentence September 13, 2017
in the Court of Common Pleas of Erie County,
Criminal Division at No(s): CP-25-CR-0001257-2013

BEFORE: GANTMAN, P.J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED MAY 30, 2018**

Lovell Marvelous Johnson ("Johnson") appeals from the judgment of sentence imposed following the revocation of his probation. Additionally, Jessica A. Fiscus, Esquire ("Attorney Fiscus"), Johnson's counsel, has filed a Petition to Withdraw as Counsel and an accompanying brief pursuant to **Anders v. California**, 386 U.S. 738, 744 (1967). We grant Attorney Fiscus's Petition to Withdraw and affirm Johnson's judgment of sentence.

In July 2013, Johnson entered into a negotiated guilty plea,[1] before the Honorable William R. Cunningham ("Judge Cunningham" or "the trial court"), to simple assault and receiving stolen property ("RSP").[2] These charges arose out of Johnson's attack of an individual who had confronted Johnson about the

---

[1] Johnson was represented by Stephen J. Lagner, Esquire ("Attorney Lagner").

[2] **See** 18 Pa.C.S.A. §§ 2701, 3925.

theft of his personal property. In exchange for Johnson's plea, the Commonwealth *nolle prossed* the remaining charges of burglary and aggravated assault.

On August 28, 2013, the trial court conducted a sentencing hearing (hereinafter, the "original sentencing hearing"). At this hearing, the trial court detailed Johnson's lengthy juvenile criminal history, and the fact that Johnson was under juvenile supervision at the time of the instant offenses. ***See*** N.T., 8/28/13, at 10, 13-16. Prior to imposing sentence, the trial court considered testimony from Johnson's mother and his father, Roland Johnson (hereinafter, "Roland"), wherein they asked the trial court for leniency in imposing sentence. ***See id.*** at 6-9. The trial court then imposed a standard guidelines-range sentence on the simple assault count of 6 to 23½ months in county jail. On the RSP count, the trial court imposed a 5-year probationary tail. Notably to the instant appeal, after imposing sentence, the trial court stated, in relevant part, as follows: "I don't want to see you here again on a [probation] revocation. … Understand this, with your track record, and with the history you've created, if you come back, then I don't know if we can keep you at the county level at that point. I don't want to see that happen." ***Id.*** at 19-20. In response, Johnson indicated that he understood the trial court's warning. ***Id.*** at 20.

Two weeks after Johnson was released on parole, he committed new offenses and was convicted of theft and criminal mischief. Johnson then appeared before Judge Cunningham for a parole revocation hearing on July

28, 2014 (hereinafter, the "first revocation hearing"). The trial court revoked Johnson's parole, reimposed the consecutive five-year term of probation.

On September 13, 2017, Johnson appeared before the trial court for a probation revocation hearing (hereinafter, the "second revocation hearing"). The Commonwealth alleged that Johnson had violated a condition of his probation, prohibiting him from engaging in any assaultive behaviors (hereinafter, "the assaultive behavior condition"). In support, the Commonwealth submitted an Affidavit executed by Roland asserting that Johnson, while residing with Roland and his family, threatened to kill Roland and all of his grandchildren, and anyone in the house. Roland presented testimony to this effect at the hearing. *See* N.T., 9/13/17, at 8-9. In rebuttal, Johnson's counsel presented testimony from Johnson's girlfriend and his girlfriend's aunt, both of whom stated that the relationship between Johnson and Roland was strained, in large part to Johnson's owing Roland money. *See id.* at 13-17. Johnson testified on his own behalf and denied threatening to kill Roland or Roland's grandchildren. *Id.* at 18. Johnson further stated that Roland had physically abused him throughout his childhood. *Id.*

At the close of the second revocation hearing, the trial court found Johnson in violation of the assaultive behavior condition and revoked his probation. *Id.* at 24. Additionally, the trial court expressly stated that it found Roland's testimony to be credible, and discredited the testimony of Johnson. *Id.* at 30. The trial court then sentenced Johnson to one to two years in state prison, followed by two years of probation. *Id.* at 31.

Thereafter, Johnson timely filed a Motion to Modify or Reconsider Sentence, which the trial court denied. Johnson, via Attorney Lagner, then filed a timely Notice of appeal. Thereafter, Attorney Lagner filed a statement indicating that he intended to file an **Anders** brief in lieu of a Rule 1925(b) concise statement, and that Johnson had indicated that he desired to proceed *pro se* on appeal. Before Attorney Lagner could file an **Anders** brief, however, Attorney Fiscus entered her appearance on behalf of Johnson. Attorney Fiscus subsequently filed the **Anders** Brief and a Petition to Withdraw as Counsel with this Court.

In the **Anders** Brief, Attorney Fiscus presents the following issues on behalf of Johnson:

1. Did the Commonwealth present sufficient evidence to demonstrate that [Johnson] committed a violation of his probation?

2. Did the trial court commit an abuse of discretion when it imposed a state sentence instead of a county sentence?

**Anders** Brief at 6.[3]

As a preliminary matter, we must determine whether Attorney Fiscus has complied with the dictates of **Anders** and its progeny in petitioning to withdraw from representation. **See Commonwealth v. Mitchell**, 986 A.2d 1241, 1244 n.2 (Pa. Super. 2009) (stating that "[w]hen presented with an **Anders** brief, this Court may not review the merits of the underlying issues

_____

[3] The Commonwealth did not file a brief on appeal.

- 4 -

without first passing on the request to withdraw."). Pursuant to **Anders**, when an attorney believes that an appeal is frivolous and wishes to withdraw as counsel, he or she must

> (1) petition the court for leave to withdraw[,] stating that after making a conscientious examination of the record[,] counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention.

**Commonwealth v. Burwell**, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citation omitted).

Additionally, the Pennsylvania Supreme Court has stated that a proper **Anders** brief must

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009).

In the instant case, our review of the **Anders** Brief and the Petition to Withdraw reveals that Attorney Fiscus has complied with each of the requirements of **Anders**/**Santiago**. The record further reflects that counsel has (1) provided Johnson with a copy of both the **Anders** Brief and Petition to Withdraw, (2) sent a letter to Johnson advising him of his right to retain new counsel, proceed *pro se*, or raise any additional points that he deems worthy

- 5 -

of this Court's attention,[4] and (3) attached a copy of this letter to the Petition to Withdraw, as required under **Commonwealth v. Millisock**, 873 A.2d 748, 751-52 (Pa. Super. 2005). Accordingly, we must next examine the record and make an independent determination of whether Johnson's appeal is, in fact, wholly frivolous.

Initially, we note that

[o]ur scope of review in an appeal following a sentence imposed after probation revocation is limited to the validity of the revocation proceedings and the legality of the judgment of sentence. We further note that the imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal.

**Commonwealth v. Finnecy**, 135 A.3d 1028, 1031 (Pa. Super. 2016) (citations, quotation marks and brackets omitted).

In his first issue, Johnson argues that the Commonwealth failed to present sufficient evidence to establish that he violated his probation. **See Anders** Brief at 18-20. Specifically, Johnson asserts that "his father[, Roland,] lied[, *i.e.*, at the second revocation hearing,] when he accused [Johnson] of threatening to kill [Roland] and his grandchildren." **Id.** at 18.

A challenge to the sufficiency of the evidence is a question of law subject to plenary review. We must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as the verdict winner, is sufficient to support all elements of the offenses. A reviewing court may not weigh the evidence or substitute its judgment for that of the [fact-finder].

---

[4] Johnson did not file a *pro se* appellate brief, nor did he retain alternate counsel for this appeal.

Revocation of a probation sentence is a matter committed to the sound discretion of the trial court[,] and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion. When assessing whether to revoke probation, the trial court must balance the interests of society in preventing future criminal conduct by the defendant against the possibility of rehabilitating the defendant outside of prison. In order to uphold a revocation of probation, the Commonwealth must show by a preponderance of the evidence that a defendant violated his probation. The reason for revocation of probation need not necessarily be the commission of or conviction for subsequent criminal conduct. … A probation violation is established whenever it is shown that the conduct of the probationer indicates the probation has proven to have been an ineffective vehicle to accomplish rehabilitation and not sufficient to deter against future antisocial conduct.

*Commonwealth v. Colon*, 102 A.3d 1033, 1041 (Pa. Super. 2014) (citations, quotation marks and brackets omitted).

In the *Anders* Brief, Attorney Fiscus opined that Johnson's claim that there was insufficient evidence to support a finding of a probation violation was wholly frivolous for the following reasons:

At the [second] revocation hearing, [Roland's] testimony established that [Johnson] threatened to kill [Roland] and his grandchildren. N.T. [], 9/13/17, at 9. [Roland] explained that [Johnson] thinks he is above the law and uses intimidation as a tactic. *Id.* at 12. [The assaultive behavior] condition of [Johnson's] special probation preclude[d] him from engaging in assaultive behaviors. *Id.* at 2. As the courts have a very broad standard to determine whether a probationer has violated the terms of his probation, … and as threats of this kind are designed to intimidate and place a person in fear of serious bodily injury, the Commonwealth has presented sufficient evidence to show a violation [of Johnson's probation] by a preponderance of the evidence. Although [Johnson] asserts that he never made such a threat and that [Roland] lied due to a dispute between the two about money, the [trial] [] court found [Roland's] testimony credible. [*Id.*] at 30. The appellate court cannot disturb this credibility determination. *See* [*Commonwealth v.*] *Emler*, [903

- 7 -

> A.2d 1273, 1277 (Pa. Super. 2006) (stating that "[a]s a reviewing court, we may not re-weigh the evidence, substitute our judgment for that of the fact-finder, or usurp the fact-finder's prerogative to make credibility determinations and accept all, part, or none of the evidence.")]. Given the foregoing, the Commonwealth presented sufficient evidence that [Johnson] failed to fulfill the conditions of his probation and that probation was insufficient to achieve [Johnson's] rehabilitation.

*Anders* Brief at 19-20 (some citations omitted). We are persuaded by Attorney Fiscus's analysis, which is supported by the law and the record. Johnson essentially asks us to substitute our judgment for that of the trial court and reassess the credibility of Roland at the second revocation hearing. We cannot and will not do so. *See Emler*, *supra*. Thus, Johnson's first issue is wholly frivolous.

In his second issue, Johnson contends that the trial court abused its discretion in imposing an excessive sentence, whereby he has to serve his term of incarceration in state prison versus a county correctional facility. *Anders* Brief at 16-17.

Johnson challenges the discretionary aspects of his sentence, from which there is no absolute right to appeal. *See Commonwealth v. Hill*, 66 A.3d 359, 363 (Pa. Super. 2013). Rather, where, as here, the appellant has preserved the sentencing challenge for appellate review, by raising it in a timely post-sentence motion, he must (1) include in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence, pursuant to Pa.R.A.P. 2119(f); and

(2) show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. ***Hill***, 66 A.3d at 363-64.

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

***Commonwealth v. Disalvo***, 70 A.3d 900, 903 (Pa. Super. 2013) (citation omitted); ***see also*** 42 Pa.C.S.A. § 9781(b).

Here, Johnson included a Rule 2119(f) Statement in his brief. ***See Anders*** Brief at 16-17. Accordingly, we will examine the Rule 2119(f) Statement to determine whether a substantial question exists. ***See Hill***, ***supra***. Johnson asserts as follows: "the [trial] court imposed an excessive sentence when it ordered a state rather than a county sentence." ***Anders*** Brief at 16.

Bald allegations of excessiveness, without more, will not raise a substantial question. ***See, e.g., Commonwealth v. Caldwell***, 117 A.3d 763, 768 (Pa. Super. 2015) (*en banc*) (stating that "[a]n appellant making an excessiveness claim raises a substantial question when he sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process."); ***see also Commonwealth v. Booze***, 953 A.2d 1263, 1278 (Pa. Super. 2008).

Here, Johnson advances nothing more than a bald excessiveness claim, and presents no other support for his claim. We therefore conclude that he has not presented a substantial question that his sentence is inappropriate under the Sentencing Code. *See Caldwell*, *supra*.

Nevertheless, in light of the fact that Attorney Fiscus has filed an *Anders* brief and Petition to Withdraw, we will briefly address Johnson's challenge to his sentence. *See Commonwealth v. Lilley*, 978 A.2d 995, 998 (Pa. Super. 2009) (stating that while appellant failed to raise a substantial question on his discretionary aspects of sentencing claim, this Court would address the merits of the claim due to appellant's counsel's petition to withdraw as counsel); *Commonwealth v. Hernandez*, 783 A.2d 784, 787 (Pa. Super. 2001) (concluding that *Anders* requires review of issues otherwise waived on appeal).

Our Pennsylvania Supreme Court has instructed that

[a] sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed. The sentencing court's institutional advantage is, perhaps, more pronounced in fashioning a sentence following the revocation of probation, which is qualitatively different than an initial sentencing proceeding. At initial sentencing, all of the rules and procedures designed to inform the court and to cabin its discretionary sentencing authority properly are involved and play a crucial role. However, it is a different matter when a defendant appears before the court for sentencing proceedings following a violation of the mercy bestowed upon him in the form of a probationary sentence.

*Commonwealth v. Pasture*, 107 A.3d 21, 27 (Pa. 2014) (citation, quotation marks, and paragraph break omitted). Moreover,

- 10 -

[w]hen sentencing is a consequence of the revocation of probation, the trial judge is already fully informed as to the facts and circumstances of both the crime and the nature of the defendant, particularly where, as here, the trial judge had the benefit of a [pre-sentence investigation report ("PSI")] during the initial sentencing proceedings.

*Id.* at 28.[5]

We discern no abuse of Judge Cunningham's discretion in imposing a just and non-excessive sentence, particularly where he (1) was intimately familiar with Johnson and his circumstances (as Johnson had previously appeared before Judge Cunningham on at least two prior occasions); and (2) tailored the sentence commensurate to Johnson's history of recidivism and his rehabilitative needs. In so concluding, we are persuaded by the following analysis that Attorney Fiscus advances in the *Anders* Brief, which is supported by the record:

At [Johnson's] *second* revocation hearing, the trial court concluded that [Johnson] violated [the assaultive behavior condition] of his special probation. At [Johnson's] original sentencing hearing, the [trial] court cautioned [Johnson] about violating the terms of his probation and warned him that his history would make it difficult for the court to impose another county sentence. By every indication, [Johnson] disregarded this warning.

The [trial] court imposed a twelve to twenty-four month term of imprisonment [at the second revocation hearing]. This sentence did not violate a provision of the [S]entencing [C]ode or sentencing norms. *See* 42 Pa.C.S.A. § 9771(b) (stating that "upon revocation[,] the sentencing alternatives available to the court shall be the same as were available at the time of the initial sentencing"). While [Johnson] hoped to avoid additional time in

---

[5] Likewise, here, Judge Cunningham had the benefit of a PSI.

state prison, this sentence cannot be classified as unreasonable or excessive.

***Anders*** Brief at 21-22 (emphasis in original, citations to record omitted).

Accordingly, Johnson's challenge to his sentence is wholly frivolous and does not entitle him to relief. ***See, e.g., Commonwealth v. Sierra***, 752 A.2d 910, 915 (Pa. Super. 2000) (concluding that the probation revocation court's imposition of a prison sentence following a probation violation was not an abuse of discretion as the sentence was based upon the judge's in-depth knowledge of the individual, a finding that parole and probation were not effective, and that a further prison term was appropriate).

Finally, our review of the record discloses no other non-frivolous issues that Johnson could raise that Attorney Fiscus overlooked. Accordingly, we grant Attorney Fiscus's Petition to Withdraw, and affirm the judgment of sentence.

Petition to Withdraw granted; judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/30/2018

- 12 -